```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: CHINA CONSTRUCTION BANK CORP. | Civil Action No. 1:24-cv-03591-VM-KHP |
| This Document Relates To:<br><br>ALL ACTIONS. | **STIPULATION<br>AND<br>PROTECTIVE ORDER** |

WHEREAS, Plaintiffs Incline Casualty Company, Redpoint County Mutual Insurance Company, Clear Blue Insurance Company, Clear Blue Specialty Insurance Company, Highlander Specialty Insurance Company, and Rock Ridge Insurance Company, Porch Group, Inc., Porch.com, Inc. and Homeowners of America Insurance Company, and Defendant China Construction Bank (Asia) Corporation Limited (together with Plaintiffs, the "***Parties***"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties"), and in the event that counsel for such Third Parties determines, in good faith, that the discovery sought is proprietary, a trade secret or otherwise sensitive non-public information requiring protection, then such Third Parties may agree to be bound by the terms of this Stipulation and Order and entitled to its protections.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel (collectively, "In-House Counsel");

    b. Employees of such counsel assigned to and necessary to assist in the litigation ("Necessary Employees");

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel ("Consultants");

    d. Counsel for other Parties in this action, who may share such information with their respective Parties' In-House Counsel, Necessary Employees and Consultants; and

    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party

in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must (a) promptly notify in writing the designating Party, with such notification to include a copy of the subpoena or court order; (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, with such notification to include a copy of this Protective Order; and (c) reasonably cooperate with the designating Party whose Protected Material may be affected. The designating

Party shall bear the burden and expense of seeking protection of its Confidential Information from the court from which the subpoena or order issued, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

SO STIPULATED AND AGREED.

Dated: November 13, 2025

| **SUSMAN GODFREY LLP** | **BAKER & McKENZIE LLP** |
|---|---|
| /s/ *Kemper Diehl* | /s/ *William Devaney* |
| Stephen E. Morrissey (*pro hac vice*) | William Devaney |
| Kemper Diehl | Jacob M. Kaplan |
| 401 Union Street, Suite 3000 | 452 Fifth Avenue |
| Seattle, WA 98101 | New York, New York 10018 |
| (206) 516-3880 | (212) 626-4100 |
| smorrissey@susmangodfrey.com | william.devaney@bakermckenzie.com |
| kdiehl@susmangodfrey.com | jacob.kaplan@bakermckenzie.com |
| | |
| Geng Chen | Michael D. Hidalgo (*pro hac vice*) |
| One Manhattan West, 50th Floor | 10250 Constellation Blvd., Suite 1850 |
| New York, NY 10001 | Los Angeles, California 90067 |
| (212) 336-8330 | (310) 201-4751 |
| gchen@susmangodfrey.com | michael.hidalgo@bakermckenzie.com |
| | |
| Allen J. Hernandez (*pro hac vice*) | *Attorneys for Defendant China Construction Bank (Asia) Corporation Limited* |
| 1000 Louisiana Street, Suite 5100 | |
| Houston, TX 77002 | |
| (713) 651-9366 | |
| ahernandez@susmangodfrey.com | |

*Attorneys for Plaintiffs Homeowners of America Insurance Company, Homeowners of America Holding Corporation, Porch.com, Inc. and Porch Group, Inc.*

**ARENTFOX SCHIFF LLP**

_/s/ Dejan Kezunovic_
Dejan Kezunovic
Michael P. McMahan
Elliott M. Kroll
Shayshari Potter
1301 Avenue of the Americas, 42nd Fl.
New York, NY 10019
(212) 484-3900
dejan.kezunovic@afslaw.com
michael.mcmahan@afslaw.com
elliott.kroll@afslaw.com
shayshari.potter@afslaw.com

*Attorneys for Plaintiffs Incline Casualty Company and Redpoint County Mutual Insurance Company and Plaintiffs Clear Blue Insurance Company, Clear Blue Specialty Insurance Company, Highlander Specialty Insurance Company, and Rock Ridge Insurance Company*

SO ORDERED.

_____
KATHERINE H. PARKER, U.S.M.J.

Dated:    11/17/2025    
          New York, New York

5

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)