```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

  IN RE CHINA CONSTRUCTION BANK CORP.

**ORDER ON MOTION TO SEAL**

**24-CV-3591-VM-KHP**
**24-CV-4392-VM-KHP**

-------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Defendant CCB Asia filed a letter motion on December 2, 2025 requesting that the Court grant leave to file an exhibit related to CCB Asia's opposition to Plaintiffs' letter motions to compel additional jurisdictional discovery under seal. (ECF No. 141)  After review of the exhibit, the Court finds that the exhibit at issue does indeed contain "highly confidential and commercially sensitive financial information" and passes muster under the *Lugosch* standard. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)  Consequently, Defendant's motion is GRANTED.

**LEGAL STANDARD**

In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document.  A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach."  *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019).  When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches.  The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* at 49.  "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'"  *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted).  "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."  *Id.*  The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion.  *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption.  *Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest."  *Id*.  The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record."  *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information.  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168

(S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511

(S.D.N.Y. 2015).  A sealing request is "narrowly tailored" when it seeks to seal *only* that

information that must be sealed to preserve higher values.  *Susquehanna Int'l Grp. Ltd.*

*v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## DISCUSSION

Here, the Court finds that the need to protect the specific financial information

regarding CCB Asia's sources of revenue and customers outweighs the interest in public access

to the exhibit. *See Doe v. New York Univ.*, No. 20 Civ. 1343 (MKV), 2023 WL 2609315, at *1

(S.D.N.Y. Mar. 22, 2023) Indeed, the exhibit at issue contains proprietary, business-confidential

information, including details about competitive positioning and customer data.  The Court

finds that public disclosure could cause substantial commercial harm to the company.

Accordingly, the Court finds that sealing of this document is narrowly tailored to protect the

business interests at stake.  The Court may—and will—permit this document to be filed under

seal.  *See Locus Techs. v. Honeywell Int'l Inc.*, No. 19 Civ. 11532 (PGG) (KHP), 2024 WL 5103334,

at *6 (S.D.N.Y. Dec. 13, 2024).

## CONCLUSION

Defendant CCB Asia's motion to file under seal is GRANTED.

**<u>The Clerk of Court is respectfully directed to terminate the motion at ECF No. 141.</u>**

**SO ORDERED.**

Dated: December 4, 2025
New York, New York

KATHARINE H. PARKER
United States Magistrate Judge