USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/1/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN RE CHINA CONSTRUCTION BANK CORP.

24-CV-3591-VM-KHP

**OPINION AND ORDER ON MOTION TO SEAL**

---------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On July 17, 2026, Plaintiffs Porch Group, Inc., Porch.com, Inc., Homeowners of America Holding Corp., and Homeowners of America Insurance Co. ("HOA Plaintiffs"); Plaintiffs Incline Casualty Co. and Redpoint County Mutual Insurance Co. ("Incline Plaintiffs") (collectively "Plaintiffs") and Defendant China Construction Bank (Asia) Corporation Limited ("CCB Asia") moved jointly to redact Plaintiffs' memoranda of law in opposition to CCB Asia's renewed motion to dismiss and seal certain accompanying exhibits designated as confidential by CCB Asia. On July 22, 2026, the parties above filed another joint letter requesting that the Court direct the Clerk of Court and the ECF Help Desk to amend docket entries at ECF Nos. 188-21, 188-27, and 188-28 to remove descriptions of certain exhibits filed in connection with Plaintiffs' opposition to CCB Asia's renewed motion to dismiss. For the following reasons the motions are DENIED without prejudice.

## LEGAL STANDARD

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation

marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id*. However, the weight accorded to the presumptive right to

public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion*.* *See Brown,* 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

**DISCUSSION**

The Court finds that the documents at issue are undisputedly "judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 126. Because the documents include a memorandum of law in opposition to the pending motion to dismiss and exhibits in support of that opposition, they are key to determining the parties' substantive rights, and, as such, are to be afforded the highest presumption of public access. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("[T]he presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication." (citation omitted)); *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 475 (S.D.N.Y. 2021) (holding that just as with documents submitted in connection with a motion for summary judgment, "documents filed in connection with a motion to dismiss are 'judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.'" (citations omitted)); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) (same).

With the first and second parts of the analysis resolved, the question that remains is whether the parties have made a showing on the record that CCB Asia's privacy interests outweigh the public's significant right to access the documents at issue and whether the proposed redactions and sealings are narrowly tailored such that closure would not offend the that right. *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

The parties proffered reason for sealing and redacting the documents at issue is that public disclosure of the exhibits designated as Confidential, as well as the memoranda of law referencing those exhibits, would reveal information that CCB Asia asserts as "proprietary business confidential information, competitive positioning, and customer data, the disclosure of which CCB Asia contends would cause CCB Asia substantial commercial harm." (ECF No. 184 at 1-2). They provide no other explanation or grounds for sealing. That is, they do not describe why revealing such information would cause substantial commercial harm, do not detail which exhibits reveal what kind of information, nor do they explain how the proposed redactions and sealing are narrowly tailored. "Broad, general, and conclusory [allegations] are insufficient" to justify sealing. *Newsday*, 730 F.3d at 165; *see also Bernstein*, 814 F.3d at 141. That logic applies with force here. A conclusory assertion that the information at issue would cause commercial harm and a statement that "[t]he Court can and should seal these materials based on CCB Asia's representations," without more, are insufficient to overcome the high presumption of public access applicable here. *See Shopnomix, LLC v. Ganti,* No. 25 Civ. 8403 (ALC) (KHP), 2026 WL 2085697, at *2 (S.D.N.Y. July 20, 2026) (slip copy) ("Mere conclusory allegations that there is good cause to redact or that the information constitutes confidential business information or trade secrets will not suffice."); *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663 (S.D.N.Y. 2019); *In re Parmalat Sec. Litig*., 258 F.R.D. 236, 248 (S.D.N.Y. 2009), (finding that the defendants had "failed to sustain their burden of showing good cause to keep the documents under seal" because they made "only vague and conclusory showings of the economic value of the information contained in any particular document" and "minimal or nonexistent showings of the potential harm that disclosure of particular information would cause.").

It is well established that it falls on the Court to protect the public's right to access judicial materials. *See* William E. Hellerstein, Hon. Michael B. Mukasey, Mary Jo White, Adam Liptak & Gerald L. Shargel, *PANEL 1: Secrecy and the Criminal Justice System*, 9 J. L. & Pol'y 5, 36 (2000) ("The responsibility for the enforcement of the public's procedural rights is lodged with the judiciary itself[.]"). In sum, the Court cannot simply rubber-stamp motions to seal materials which inform opinions adjudicating the substantive rights of parties. Accordingly, the motion at ECF No. 184 is DENIED without prejudice to renewal and providing the Court with sufficient information to decide that the customer information at issue would cause "CCB Asia substantial commercial harm."

As an independent basis for denial, the Court notes the parties have failed to substantially comply with Rule III.d of this Court's Individual Practices in Civil Cases in connection with their requests to seal. Specifically, the parties have not electronically filed under seal unredacted copies of the documents at issue with the proposed redactions highlighted.

As to the motion at ECF No. 190, which seeks an order directing the Clerk of Court and the ECF Help Desk to amend the docket entries at ECF Nos. 188-21, 188-27, and 188-28 to remove descriptions of certain exhibits filed in connection with Plaintiffs' opposition to CCB Asia's renewed motion to dismiss, the motion is likewise DENIED without prejudice. The parties have likewise not provided a proposed alternative description for these documents that should be publicly available or a sufficiently detailed explanation demonstrating why completely deleting these descriptions is necessary, much less why the asserted need for removing the

information from the public record outweighs the public's right of access to materials that are relevant to the Court's exercise of its Article III judicial functions.

**CONCLUSION**

For the foregoing reasons, the motions at ECF Nos. 184 and 190 are DENIED without prejudice. To the extent the parties continue to seek sealing of the information at issue, they are directed to file under seal unredacted versions of the documents at issue, with the proposed redactions highlighted, no later than **September 11, 2026** explaining, with specificity, how public exposure of this information would lead to substantial commercial harm, why CCB Asia's privacy interests outweigh the public's right of access, and how the proposed closure is narrowly tailored to preserving that right. In doing so, the parties are further directed to file a table listing the redactions and sealings sought as well as an explanation for why redaction or sealing is appropriate for each sought redaction or sealing. The documents shall remain under seal pending the Court's resolution of any renewed motion. If the parties do not file a renewed motion by that date, the documents at issue will be unsealed.

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 184 and 190 in 24-CV-3591-VM-KHP and the corresponding motions in member cases.**

**SO ORDERED.**

Dated: September 1, 2026
New York, New York

Katharine H Parker
_______________________________
KATHARINE H. PARKER
United States Magistrate Judge