USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE CHINA CONSTRUCTION BANK CORP.

**24-CV-3591-VM-KHP**

**OPINION AND ORDER ON MOTION TO SEAL**

-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On September 11, 2026, Defendant China Construction Bank (Asia) Corporation Limited ("CCB Asia") filed a renewed motion to redact Plaintiffs' memoranda of law in opposition to CCB Asia's renewed motion to dismiss, seal certain accompanying exhibits designated as confidential by CCB Asia, and to direct the Clerk of Court and the ECF Help Desk to amend docket entries at ECF Nos. 188-21, 188-27, and 188-28 to remove descriptions of certain exhibits filed in connection with Plaintiffs' opposition to CCB Asia's renewed motion to dismiss. For the following reasons the renewed motion at ECF No. 200 is GRANTED.

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents

submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id*. However, the weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion*. See Brown,* 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption.

*Lugosch*, 435 F.3d at 120. Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

**DISCUSSION**

As the Court previously determined, the materials at issue – including the HOA and Incline Plaintiffs' memoranda of law in opposition to CCB Asia's renewed motion to dismiss and the exhibits submitted in connection with those oppositions—are judicial documents entitled to the highest presumption of public access because they bear directly on the adjudication of the parties' substantive rights. *Olson*, 29 F.4th at 89-90. That presumption may nevertheless be

overcome where specific, on-the-record findings demonstrate that sealing is necessary to protect higher values and the requested sealing is narrowly tailored to serve those interests. *Newsday*, 730 F.3d at 165. After thorough review, I find that the detailed renewed motion makes the particularized showing that was absent from the prior application.

CCB Asia now identifies, with specificity, the confidential information at issue – including customer identities and revenue data, interbank relationships, transaction-specific pricing and compensation, foreign-exchange activity, and settlement and account information – and explains the concrete competitive harm that could result from disclosure. *See City of Providence v. BATS Glob. Markets, Inc.,* No. 14 Civ. 2811 (JMF), 2022 WL 539438 (S.D.N.Y. Feb. 23, 2022) (finding "the privacy interests of innocent third parties, namely the [moving party]'s customers, and the potential harm to the [moving party]'s competitive standing, outweigh the presumption of access afforded to these filings.); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig*., No. 14 Misc. 2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (noting that "[t]he need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute" an interest outweighing the presumption of public access); *Coscarelli v. ESquared Hosp. LLC*, No. 18-CV-5943 (JMF), 2021 WL 5507034, at *21 (S.D.N.Y. Nov. 24, 2021) (same). Among other things, CCB Asia explains that competitors or counterparties could use this information to identify valuable customer relationships, assess revenue-generating business segments, undercut pricing, target banking relationships, evaluate trading patterns, or gain leverage in future negotiations. These particularized explanations and the documents themselves provide a concrete basis to

conclude that disclosure would reveal commercially sensitive, nonpublic information capable of placing CCB Asia at a competitive disadvantage.

The renewed application also demonstrates that the requested closures are narrowly tailored to protect commercially sensitive information. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 20 Civ. 5502, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021). That is, the arguments on the motion to dismiss and the supporting documents can still be understood and monitored by the public without the limited information at issue. Specifically, the proposed redactions preserve public access to the parties' arguments and non-sensitive portions of the record while protecting only the information giving rise to the identified commercial concerns. And after review of the documents for which complete closure is requested, it is clear that any non-confidential information contained within them is incidental and would provide little, if any, independent value to the public in understanding the issues presented or the manner in which the Court has exercised its Article III functions.

**CONCLUSION**

For the foregoing reasons, the motion at ECF No. 200 is GRANTED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 200 in 24-CV-3591-VM-KHP and the corresponding motions in member cases. The Clerk of Court is further directed to (1) amend docket entries at ECF Nos. 188-21, 188-27, and 188-28 to remove their descriptions and (2) maintain ECF Nos. 185, 186, 187, 188, 202, and 204 under seal.**

**SO ORDERED.**

Dated: September 25, 2026
New York, New York

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge